NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| JOAN SKARZYNSKI, | : | |
| Plaintiff, | : | Civ. No. 08-2863 (GEB) |
| v. | | |
| | : | **MEMORANDUM OPINION** |
| NORDSTROM, JOHN DOES 1-10 | | |
| (said names being fictitious) and ABC | : | |
| CORPORATIONS 1-10 (said corporations | | |
| being fictitious), | : | |
| Defendants. | : | |

_____

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for judgment on the pleadings of

Nordstrom, Inc. ("Nordstrom" or "Defendant").  The Court has reviewed the parties' submissions

and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, the Court will grant Defendant's motion.

**BACKGROUND**

Joan Skarzynski ("Plaintiff" or "Skarzynski") is a 55-year-old woman who was employed

by Nordstrom from June 1992 through May 5, 2006.  (Def. Br. 1; Pl. Opp'n 1.)  Ms. Skarzynski

worked as a beauty advisor in Defendant's cosmetics department.  (Def. Br. 1; Pl. Opp'n 1.)

Plaintiff regularly applied for promotions during her time at Nordstrom but was repeatedly

denied such promotions.  (Def. Br. 1; Pl. Opp'n at 1.)  She voluntarily left Nordstrom on May 5,

2006. (Def. Br. 1; Pl. Opp'n 1-2.)

On April 16, 2008, Plaintiff filed a complaint ("the Complaint") against Nordstrom in the

Superior Court of New Jersey for Middlesex County.  (Docket Entry No. 1.)  Plaintiff alleged

violations of the New Jersey Law Against Discrimination and set forth five counts against

Nordstrom: discriminatory failure to promote (Count I), discriminatory perception (Count II), constructive discharge (Count III), intentional infliction of emotional distress (Count IV), and wrongful termination (Count V).  (Compl. 1-5.)  The case was removed to this Court on June 4, 2008.  (Docket Entry No. 1.)

**DISCUSSION**

   A.   Standard

   "The legal standard applied for a Rule 12(c) motion is the same as that for [a] Rule 12(b)(6) motion."  *New Hampshire Ins. Co. v. Diller*, No. 07-1131, 2008 U.S. Dist. LEXIS 49655, at *17 (D.N.J. June 30, 2008), *citing Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002). Federal Rule of Civil Procedure 12(b)(6) provides that:

> Every defense to a claim for relief in any pleading must be asserted
> in the responsive pleading if one is required.  But a party may
> assert the following defense[] by motion: . . . (6) failure to state a
> claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought.  *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the

2

speculative level.  *Id*. at 1965.

The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

B.     Application

1.     Count II – Discriminatory  Perception

Nordstrom argues that it is entitled to dismissal of Count II on the grounds that Plaintiff has failed to state a claim recognized by law.  (Def. Br. 3.)  The Court agrees.

Plaintiff's Count II alleges that:

> 2. The defendants did unlawfully discriminate against the plaintiff with regard to her employment because the defendants improperly perceived the plaintiff incapable of performing the essential functions of her job based upon her age.
> 3. The conduct on the part of the defendants is in direct violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

(Compl. 3.)  Defendant argues that these allegations "are limited to Nordstrom's perception of Skarzynski; there is no allegation that Nordstrom took any employment action against her or that she was subjected to conduct constituting unlawful harassment."  (Def. Br. 3.)  Defendant submits that in the absence of any allegation of adverse employment action, the claim must be

dismissed.  (*Id.* at 4.)

Plaintiff however, responds that Count I of her Complaint clearly alleges that Defendants "refused to promote or provide any job opportunity or advancement to the plaintiff as a direct result of their unlawful discrimination based on plaintiff's age." (Pl. Opp'n at 3.)  Plaintiff adds that the first paragraph of Count II explicitly incorporates by reference all of the allegations of Count I.  (*Id.*)  Plaintiff concludes that it has therefore properly stated a claim for relief.  (*Id.*)

The Court acknowledges that Plaintiff's Count I does indeed set forth allegations of adverse employment action, and that these allegations are incorporated by reference into Count II.  Nevertheless, Count II as it stands now cannot survive a motion for judgment on the pleadings, as it appears to be entirely duplicative of the allegations in Count I.  Count I alleges that Plaintiff was denied promotions on the basis of age discrimination, whereas Count II alleges that Nordstrom "perceived" Plaintiff to be too old to promote, and that this "perception" was discriminatory.  There is no substantive difference between the two.  Accordingly, the Court will dismiss Count II.

2.      Count III – Constructive Discharge

Defendant further argues that Plaintiff's allegations do not support a constructive discharge claim.  Indeed, Defendant insists that "a constructive discharge claim must be based on more than perceived unfairnesses; rather, it requires conditions so egregious and unconscionable that they reasonably compel resignation." (Def. Br. 6.) By contrast, claims Nordstrom, "the only alleged facts underlying Skarzynski's constructive discharge claim are that Nordstrom did not promote her and perceived her as incapable of performing her job." (*Id.*)  Nordstrom concludes that "[n]either is sufficient to have made her employment conditions so intolerable that a

reasonable person would have resigned." (*Id.*)

"Under the NJLAD, a constructive discharge 'occurs when an 'employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign.'" *Dodaro v. Acme Mkts.*, No. 06-387, 2006 U.S. Dist. LEXIS 89756, at **14-15 (D.N.J. Dec. 11, 2006), *quoting Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27-28 (2002). "The standard envisions a sense of outrageous, coercive and unconscionable requirements.'" *Dodaro*, 2006 U.S. Dist. LEXIS 89756, at *15 (quotations omitted); *see also Devine v. Prudential Ins. Co. of Am.*, No. 03-3971, 2007 U.S. Dist. LEXIS 46856, at *71 (D.N.J. June 28, 2007) ("It is not enough that the defendant's conduct is severe or pervasive; it must be so intolerable that a reasonable person would be forced to resign rather than continue to endure it. Intolerable conduct includes conduct that is outrageous, coercive and unconscionable."); *Haselmann v. Kelly Servs.*, No. 04-3213, 2006 U.S. Dist. LEXIS 59105 (D.N.J. Aug. 22, 2006).

Relevant to this analysis is that:

> an employee has the obligation to do what is necessary and reasonable in order to remain employed rather than simply quit. A trial court should consider the nature of the harassment, the closeness of the working relationship between the harasser and the victim, whether the employee resorted to internal grievance procedures, the responsiveness of the employer to the employee's complaints, and all other relevant circumstances.

*Dodaro*, 2006 U.S. Dist. LEXIS 89756, at *15, *quoting Shepherd*, 174 N.J. at 28.

Plaintiff in the case at bar has merely alleged that she was denied promotions and job advancement opportunities within the company because of her age, and that these repeated denials "so altered" the conditions of her employment with Nordstrom that she could no longer

continue to work there.  (Compl. 2-3.)  These allegations do not rise to the level necessary to

establish the outrageous and intolerable conditions of employment required for a showing of

constructive discharge.  Plaintiff's Count III is therefore dismissed without prejudice.

 3. Count IV – Intentional Infliction of Emotional Distress

Nordstrom submits that the Complaint "does not allege facts sufficient to support a claim

for intentional infliction of emotional distress."  (Def. Br. 9.)  A plaintiff setting forth a claim of

intentional infliction of emotional distress must show:

> (1) that the actor intended to inflict emotional distress or that he
> knew or should have known that emotional distress was the likely
> result of his conduct . . .;
> (2) that the conduct was 'extreme and outrageous';
> (3) that the actions of the defendant were the cause of the plaintiff's
> distress . . .; and
> (4) that the emotional distress sustained by the plaintiff was severe.

*Young v. Hobart West Group*, 385 N.J. Super. 448, 467-68 (N.J. Super. Ct. App. Div. Dec. 15,

2005), *quoting 49 Prospect Street Tenants Ass'n v. Sheva Gardens, Inc.*, 227 N.J.Super. 449, 474

(N.J. Super. Ct. App. Div.1988).  As the New Jersey Supreme Court further clarified, "liability

may be imposed where the conduct is "so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized community."  *Taylor v. Metzger*, 152 N.J. 490, 509 (1998).

Again, Plaintiff's allegations fall short of the Rule 12(b)(6) standard here.  The only

conduct alleged by Plaintiff is Nordstrom's allegedly deliberate refusal to grant her promotions or

professional advancement on the basis of her age.   This, alone, does not amount to allegations of

"atrocious and utterly intolerable" conduct.  The Court will therefore dismiss without prejudice

Count IV of Plaintiff's Complaint.

4.      Count V – Wrongful Termination

Finally, Defendant submits that it is entitled to judgment on Plaintiff's claim of wrongful

termination because the Complaint avers that Skarzynski voluntarily separated from employment

with Nordstrom.  (Def. Br. 11.)  Plaintiff concedes that its Count V includes "an error with regard

to the claim that fictional entities and individuals "wrongfully terminated plaintiff's employment

with defendant in violation of NJLAD."  (Pl. Opp'n at 5-6.)  Plaintiff argues that the claim

should instead have referred to plaintiff being "constructively discharged," and requests leave to

amend the Count.  The Court will accordingly dismiss Count V without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion.  Counts II, III, IV and

V of Plaintiff's Complaint are dismissed without prejudice.  Plaintiff is granted leave to file an

amended complaint within 10 days of the date of this Opinion.  An appropriate form of Order

accompanies this Opinion.

Dated: August 6, 2008

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.